Appeal of McKENDRICK et al.

No. 4506. Decided November 12, 1929. (282 P. 784.)

*Thomas & Dahlquist,* of Salt Lake City, for appellants.

*Wallace B. Kelly,* Co. Atty., of Salt Lake City, for the court.

EPHRAIM HANSON, J.

This case is here on appeal from a decree and judgment of the juvenile court for Salt Lake county, state of Utah, committing Roderick McKendrick, a juvenile, to the Uintah Training School for 60 days.

On March 3, 1926, a complaint was filed in the juvenile court for Salt Lake county, state of Utah, charging Roderick McKendrick with being a delinquent, in that, on October 4, 1922, at Salt Lake county, state of Utah, he did steal a diamond ring, the property of Charlotte Hines, of the value of $525. On March 15, 1926, a hearing was had upon that complaint. At the conclusion of the hearing the juvenile court found that Roderick was a juvenile delinquent, but found that his parents were fit and proper persons to continue to hold his custody. By its decree and judgment the court sentenced the juvenile to the Industrial School, and

ordered him to pay into the juvenile court the sum of $150 to be paid at the rate of $30 per month, as damages, but suspended the sentence to the Industrial School, provided the damages were paid as ordered. Upon stipulation of the parties the foregoing findings of fact and decree and judgment were by the court set aside, and the cause was set down for retrial for July 20, 1929. At the conclusion of the second hearing the court again found that Roderick was a juvenile delinquent, and that his parents were fit and proper persons to be charged with his care and custody. In its decree and judgment upon the retrial, the juvenile court ordered the boy committed to the Uintah Training School for a term of 60 days, but suspended this sentence upon condition that he pay into court the sum of $150 to be paid at the rate of $5 per month until paid. It is from this decree and judgment that this appeal is prosecuted.

It appears from the face of the complaint that the delinquency charged against the juvenile is the commission of a felony. Subdivision 7 of section 1 of chapter 5 of the Laws of Utah 1919 (amending Comp. Laws Utah 1917, § 1823), which was passed at the special session of the 1919 Legislature, provides:

"* * * In all cases where the juvenile is charged with the commission of a felony, the juvenile court shall act as a committing magistrate with the same jurisdiction as a justice of the peace sitting as a committing magistrate, and when it appears that a felony has been committed and that there is sufficient cause to believe the juvenile defendant guilty, to commit him to the district court of the county where the offense is committed, there to be prosecuted upon information or indictment as provided by law. * * *"

By the foregoing statute the jurisdiction of the juvenile court, in all cases where a juvenile is charged with the commission of a felony, is limited to that of a justice of the peace sitting as a committing magistrate, and in such cases the juvenile court has no authority or jurisdiction to proceed with a trial or to pronounce judgment on the alleged delinquent.

In *State* v. *Tweed*, 63 Utah 176, 224 P. 443, 445, where this court had this same statute under consideration, it was said:

"When one is accused of a felony he, for the purposes of trial and punishment, ceases to be a juvenile offender, and the juvenile court no longer has any jurisdiction over him or over the offense except to bind him over as a committing magistrate or dismiss him in case the evidence fails to establish the commission of any offense or probable cause to believe the accused guilty thereof."

The juvenile court in the case at bar was without jurisdiction or authority to render the decree and judgment complained of. Therefore the same is reversed. The cause is remanded to the juvenile court for Salt Lake county, state of Utah, with directions to that court to dismiss the action.

CHERRY, C. J., and STRAUP, HANSEN (ELIAS), and FOLLAND, JJ., concur.